IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BOSS EXOTICS, LLC** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-1835-BH |
| | § | |
| **CROSTA AND PARTNERS, LLC d/b/a** | § | |
| **ROYALTY EXOTICS, CROSTA AND** | § | |
| **PARTNERS, LLC (CA), CROSTA AND** | § | |
| **PARTNERS, LLC (AK), LUXURY** | § | |
| **LEASE COMPANY, and HOUSTON** | § | |
| **CROSTA,** | § | |
| | § | |
| *Defendants.* | § | Consent Case[1] |

## MEMORANDUM OPINION AND ORDER

Before the Court is *Plaintiff's Motion for Summary Judgment against Defendant Crosta and Partners, LLC DBA Royalty Exotics*, filed June 30, 2023 (doc. 45). Based on the relevant filings, evidence, and applicable law, the motion is **DENIED**.

### I. BACKGROUND

This case arises out of Boss Exotics, LLC's (Plaintiff's) purchase of a 2018 McLaren 720S, VIN # SBM14DCA6JW000532 (the Vehicle) from Crosta and Partners, LLC d/b/a Royalty Exotics (Defendant). (doc. 45-2 at 5.) Plaintiff asserts claims for breach of contract, fraudulent inducement, fraud by omission, and violations of the Texas Deceptive Trade Practices Act (DTPA), and alternatively, for negligent misrepresentation. (doc. 39 at 8-12.)

In February of 2020, Defendant posted the Vehicle for sale on the online auction website eBay. (doc. 45-2 at 5.) Plaintiff agreed to purchase it for $135,000, and the terms of the parties'

---

[1] By order filed June 24, 2021 (doc. 14), this matter has been transferred for the conduct of all further proceedings and the entry of judgment.

agreement were set out in a Vehicle Bill of Sale (Bill of Sale). (*Id.*) The Bill of Sale stated that the Vehicle "runs and drives without any mechanical problems or indication of issues by the vehicle notification system on the dash[,]" but "[i]f the vehicle is received with any issues not disclosed then the seller agrees to pay for all costs of repairs and pay for loss of usage for each day the vehicle is being repaired at a market rate as seen on BossExotics.com within 10 days of notice." (*Id.*) Defendant also represented that the manufacturer's warranty remained effective at the time of the sale. (*Id.* at 15.) Citing its allegations in its amended complaint, Plaintiff contends that it paid Defendant $135,000 via wire transfer, and the Vehicle arrived at its place of business on February 23, 2020. (doc. 45-1 at 7.)

Shortly afterwards, Plaintiff took the Vehicle to a McLaren dealership (Dealership) for inspection of suspected mechanical issues. (doc. 45-2 at 23.) After apparently maintaining possession of the Vehicle for several days, on March 12, 2020, Dealership estimated that the repairs required would cost more than $44,000.[2] (*Id.* at 27.) Plaintiff discovered that the manufacturer's warranty on the Vehicle had been canceled because Defendant had used it as a rental. (*Id.* at 18.)

On April 24, 2020, Plaintiff filed suit against Defendant in state court. (doc. 1-3 at 1.) On July 10, 2020, Defendant removed the action to federal court. (doc. 1 at 1.) Plaintiff filed an amended complaint on April 7, 2023, alleging that Defendant breached the parties' agreement as reflected in the Bill of Sale, its conduct in allegedly misrepresenting the quality of the Vehicle amounts to fraud, and it violated the DTPA. (doc. 39 at 8-12.) It alleges in the alternative that

---

[2]The record evidence suggests that Plaintiff sought mechanical repairs from three different service providers. (doc. 45-2 at 23-36.) Dealership estimated that the repairs that it deemed necessary would cost $44,227.57. (*Id.* at 27.) The second service provider appears to have simply conducted an inspection, priced at $662.89. (*Id.* at 29.) Two years later, Plaintiff took the Vehicle to a third mechanic, who estimated that it would require $49,000 in repairs. (*Id.* at 34.)

Defendant negligently misrepresented the Vehicle's condition. (*Id.* at 12.) Finally, Plaintiff alleges that Defendant and its owner (Seller) are alter egos of one another and of Seller's other business entities such that all are potentially liable to Plaintiff for the misconduct alleged.[3] (doc. 39 at 10-11.)

Plaintiff now moves for summary judgment as to its breach of contract, fraudulent inducement, and DTPA claims. (doc. 45-1 at 9-13.) After being granted additional time to respond, Defendant filed a response to Plaintiff's motion on July 21, 2023.[4] (doc. 51.) Plaintiff filed a reply on August 4, 2023.[5] (doc. 57.)

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record that reveal there are no

---

[3] Defendant, Seller, and Seller's other business entities are all named as defendants in this case. (doc. 39 at 1-2.) Plaintiff's motion for partial summary judgment pertains only to Defendant, however. (doc. 45 at 1.)

[4] Defendant's response consists of two sentences and refers to a brief and appendix, but no brief was filed. (doc. 51.) On July 28, 2023, Defendant moved for leave to amend the response, stating that Defendant "[is] not making any substantive changes to the response," only requesting leave to address certain pagination errors in the table of contents and the table of authorities. (doc. 55 at 1.) The order denying this motion as moot expressly noted that the response did not contain a table of contents or a table of authorities. (doc. 56.) In its reply, Plaintiff also noted Defendant's failure to file a response brief. (doc. 57 at 2.)

[5] Plaintiff submitted an appendix in support of its reply. (doc. 57-1.) The movant is not ordinarily permitted to introduce new evidence in support of a reply because such action would deprive the non-movant of a meaningful opportunity to respond. *Spring Indus., Inc. v. Am. Motorists Ins.*, 137 F.R.D. 238, 239-40 (N.D. Tex. 1991) (a party may not submit a reply appendix without first obtaining leave of court). Because Plaintiff did not seek leave to file its reply appendix, and Defendant had no opportunity to respond, it has not been considered.

genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Id.* at 324. To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-movant must show that the evidence is sufficient to support a resolution of the factual issue in her favor. *Anderson*, 477 U.S. at 249.

"The parties may satisfy their respective burdens by 'citing to particular parts of material in the record, including depositions, documents, electronically stored information, affidavits, or declarations, stipulations … admissions, interrogatory answers, or other materials.'" *Rooters v. State Farm Lloyds*, 428 F. App'x 441, 445 (5th Cir. 2011) (citing Fed. R. Civ. P. 56(c)(1)). While all of the evidence must be viewed in the light most favorable to the motion's opponent, *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions satisfy the non-movant's summary judgment burden, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-32.

Here, in support of its motion, Plaintiff filed an appendix that includes a copy of the Bill of Sale; a copy of the requests for admission that Plaintiff served on defendant, eight of which were deemed admitted by court order on December 20, 2022 (*see* doc. 34); two emails discussing the status of the manufacturer's warranty on the Vehicle; copies of three different repair estimates for

the Vehicle; portions of Seller's deposition; and a copy of a recorded conversation between Seller and Plaintiff dated February 23, 2020. (doc. 45-1 at 5-6.)

Defendant's two-sentence response refers generally to "the lack of competent summary judgment evidence supplied with Plaintiff's motion." (doc. 51 at 1.) This statement is insufficient to object to Plaintiff's documentary evidence. "Evidentiary objections must be specific," *United States v. Avants*, 367 F.3d 433, 445 (5th Cir. 2004), and courts have no obligation under Rule 56 "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006). Defendant did not specifically identify which documents it found objectionable or its grounds for any objection. Because it did not properly object to their use, the documents submitted as part of the appendix are competent summary judgment evidence. *See Eguia v. Tompkins*, 756 F.2d 1130, 1136 (5th Cir. 1985) ("Documents presented in support of a motion for summary judgment may be considered even though they do not comply with the requirements of Rule 56 if there is no objection to their use.").

### III. ANALYSIS

Plaintiff moves for summary judgment on its breach of contract claim, fraudulent inducement claim, and DTPA claims. (doc. 45-1 at 9-13.)

**A.     Breach of Contract Claim**

In Texas, the elements of a breach of contract action are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (internal quotation marks omitted). It is undisputed that the Bill of Sale is a valid contract. (doc. 45-2 at 5, 14.)

5

In its motion, Plaintiff argues that there is no dispute that it performed as it was required to do under the parties' agreement by paying the sales price of $135,000. (doc. 45-1 at 7, 10.) It cites to no evidence supporting that proposition. (*Id.*) It refers only to allegations made in its amended complaint, which Defendant denies. (*See* docs. 39 at 5.; 44 at 2.) As discussed, "a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. "Unsworn pleadings … are not of course, competent summary judgment evidence." *Johnston v. City of Houston*, 14 F.3d 1056, 1060 (5th Cir. 1994). Because it has not pointed to specific portions of the record that show that there is no genuine dispute regarding whether it performed under the contract, Plaintiff has not met its summary judgment burden. Its motion for summary judgment on its breach of contract claim is denied.

**B.    Fraudulent Inducement Claim**

In Texas, the elements of fraud are: (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation, the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury. *Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032-33 (5th Cir. 2010).

"Fraudulent inducement is a distinct category of common-law fraud that shares the same

6

elements but involves a promise of future performance made with no intention of performing at the time it was made." *Ibe v. Jones*, 836 F.3d 516, 525 (5th Cir. 2016) (quoting *Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 153 (Tex. 2015)). To state a claim for fraudulent inducement under Texas law, a plaintiff must prove the basic elements of fraud as well as an underlying contract which was induced. *Kevin M. Ehringer Enters., Inc. v. McData Servs. Corp.*, 646 F.3d 321, 325 (5th Cir. 2011) (first citing *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998); and then citing *Haase v. Glazner*, 62 S.W.3d 795, 798 (Tex. 2001)).

Here, Plaintiff has not met its summary judgment burden with respect to several elements of its fraudulent inducement claim. For instance, the only reference to the fifth and sixth elements in Plaintiff's motion are conclusory arguments that are not supported by reference to any portion of the summary judgment record. (doc. 45-2 at 12.) Nothing in the record establishes that Defendant made the subject representations with the intent that Plaintiff act upon them, and there is no evidence that Plaintiff relied on those representations. Similarly, Plaintiff argues—without reference to any evidentiary support—that the misrepresentations were material. (*Id.*) Finally, Plaintiff does not address in any way the issue of Defendant's knowledge that the information was false or that it was reckless in making the relevant statements.

Plaintiff has not carried its summary judgment burden of establishing that there is no genuine issue of material fact with respect to its fraudulent inducement claim, and its motion is denied as to that claim.

C. **DTPA Claims**

The DTPA prohibits false, misleading, or deceptive acts or practices in the conduct of any trade or commerce. Tex. Bus. & Com. Code § 17.46(a). The elements of a DTPA claim are: "(1) the

7

plaintiff is a consumer, (2) the defendant engaged in false, misleading or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages." *Doe v. Boys Clubs of Greater Dall., Inc.*, 907 S.W.2d 472, 478 (Tex. 1995) (citing Tex. Bus. & Com. Code § 17.50(a)(1)). The DTPA defines "consumer," in relevant part, as "an individual, partnership, [or] corporation … who seeks or acquires by purchase or lease, any goods or services." Tex. Bus. & Com. Code § 17.54(4). To qualify as a consumer, "a person must have sought or acquired goods or services by purchase or lease" and "the goods and services purchased or leased must form the basis of the complaint." *Cameron v. Terrell & Garrett*, 618 S.W.2d 535, 539 (Tex. 1981). The third element requires a showing that the defendant's deceptive action adversely affected the consumer. *See Doe*, 907 S.W.2d at 481.

"Section 17.50(a)(1) [of the DTPA] provides that a consumer may maintain an action for violations of § 17.46." *Pennington v. Singleton*, 606 S.W.2d 682, 686 (Tex. 1980). Section 17.46(a) prohibits, as a general matter, any "[f]alse, misleading, or deceptive acts or practices in the conduct of any trade or commerce." *Id.* Section 17.46(b), by contrast, "lists a number of more specifically defined acts that are prohibited as being unlawfully false, misleading, or deceptive." *Id.* Specifically, § 17.46(b) precludes, in relevant part:

> (5) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which the person does not;
> …
> (7) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;
> …
> (24) failing to disclose information concerning goods or services which was not known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed[.]

8

Tex. Bus. & Com. Code § 17.46(b).

### *1. Sections 17.46(b)(5) and (7)*

Section 17.46(b)(5) "prohibits representing that a good has characteristics, uses, or benefits that it does not have." *Pennington*, 606 S.W.2d at 687. Section 17.46(b)(7) "prohibits representing that a good is of a particular standard, quality, grade, style, or model if it is of another." *Id.* "The general objective of subdivisions (5) and (7) is to ensure that descriptions of goods or services offered for sale are accurate." *Id.* Therefore, misrepresentations are actionable so long as they are material and do not constitute "puffing" or opinion. *Id.* Claims under subsections (5) and (7) arise only in the context of an affirmative representation, *see Yumilicious Franchise, L.L.C. v. Barrie*, No. 3:13-CV-4841-L, 2015 WL 1822877, at *4 (N.D. Tex. Apr. 22, 2015), but such claims may be based upon an implied representation, *see Pennington*, 606 S.W.2d at 687 (affirming judgment under these sections where boat seller represented that boat was in new, perfect, or excellent condition when boat in fact had mechanical defects); *see also Guijarro v. Enter. Holdings, Inc.*, No. 1:19-CV-217, 2020 WL 10229102, at *5 (S.D. Tex. Aug. 5, 2020). The Supreme Court of Texas has held that the absence of a scienter requirement in these two subsections—as well as several other subsections of § 17.46(b)—"discloses a legislative intent to reject a scienter requirement" with respect to claims brought under these subsections. *Chastain v. Koonce*, 700 S.W.2d 579, 583 (Tex. 1985).

To show that Defendant represented that the Vehicle was in good condition and had no mechanical issues at the time the sale was made, Plaintiff points to the terms of the Bill of Sale. (doc. 45-2 at 5.) Defendant admitted that it represented to Plaintiff that the manufacturer's warranty continued in effect when the Vehicle was sold. (*Id*. at 15.) Plaintiff refers to Seller's deposition testimony as well as the deemed admissions to show that the Vehicle did, in fact, have mechanical

9

issues that were not disclosed at the time of the sale. (*Id.*) Finally, Plaintiff has provided emails showing that the manufacturer's warranty was cancelled on October 1, 2019, several months before the sale occurred. (*Id.* at 18, 20.)

Plaintiff argues that these deceptive acts caused it injury because it "relied on such false, misleading, or deceptive acts or practices to its detriment, and such false, misleading, or deceptive acts or practices constituted a producing cause of [its] damages." (doc. 45-1 at 13.) As noted, an essential element of a successful DTPA claim is that "[the defendant's] acts constituted a producing cause of the consumer's damages." *Doe*, 907 S.W.2d at 478. Plaintiff does not point to any specific portions of the summary judgment record to support its argument that Defendant's conduct caused its injury, relying again on allegations in its amended complaint, which are not competent summary judgment evidence. Plaintiff has therefore failed to meet its summary judgment burden to show that there is no genuine issue of material fact with respect to its claims under §§ 17.46(b)(5) and (7) of the DTPA. Plaintiff's motion is therefore denied as to those claims.

### 2. Section 17.46(b)(24)

To establish a claim under § 17.46(b)(24), a plaintiff must show four things:

> (1) a failure to disclose information concerning goods or services; (2) the information was known at the time of the transaction; (3) the failure to disclose was intended to induce the plaintiff into a transaction; and (4) that the plaintiff otherwise would not have entered the transaction if the information had been disclosed.

*Guijarro*, 2020 WL 10229102, at *6 (citing Tex. Bus. & Com. Code § 17.46(b)(24)). Unlike §§ 17.46(b)(5) and (7), "silence or a failure to disclose can amount to a violation of section 17.46(b)(24)." *Ingram v. Joseph*, No. 3:06-CV-0626-P, 2007 WL 9711659, at *7 (N.D. Tex. Apr. 3, 2007) (citing *Muwar v. Cadle Co.*, 2 S.W.3d 12, 19 (Tex. App.—Corpus Christi 1999, pet. denied) (interpreting what is now § 17.46(b)(24))). The "failure to disclose material information

10

necessarily requires that the defendant have *known* the information and have failed to bring it to the plaintiff's attention", however. *Doe*, 907 S.W.2d at 479 (emphasis in original). A defendant has no duty to disclose material facts it does not know, even if it should have known them. *See id.* (citing *Prudential Ins. Co. of Am. v. Jefferson Assocs., Ltd.*, 896 S.W.2d 156, 162 (Tex. 1995)).

Here, Plaintiff has failed to identify evidence showing that Defendant knew at the time of the sale that the Vehicle had mechanical issues and that the manufacturer's warranty had been cancelled. Defendant could not have disclosed information that it did not know. Plaintiff relies on evidence that Defendant has since admitted that the Vehicle did, as a factual matter, have mechanical issues at the time of the transaction. (doc. 45-2 at 14.) That is not evidence that Defendant was aware of those mechanical issues at the time, however. Similarly, there is evidence that the manufacturer's warranty had in fact been cancelled when Plaintiff purchased the vehicle (*id.* at 18, 20); it remains a factual question whether Defendant knew that was the case. Finally, Plaintiff does not point to any evidence showing that it would not have purchased the car had it known the truth regarding the mechanical issues and the warranty status. Accordingly, Plaintiff has failed to satisfy its summary judgment burden of establishing that there is no genuine issue of material fact with respect to all of the elements of its claim under § 17.46(b)(24) of the DTPA, and its motion is denied as to that claim.

## VI. CONCLUSION

Plaintiff's motion is **DENIED.**

**SO ORDERED** on this 5th day of October, 2023.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

11