IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOSS EXOTICS, LLC, | § | |
|   PLAINTIFF, § § | § | |
| | § | |
| V. | § | CASE NO. 3:20-CV-1835-BK |
| | § | |
| CROSTA AND PARTNERS LLC, D/B/A | § | |
| ROYALTY EXOTICS; CROSTA AND | § | |
| PARTNERS, LLC (CA); CROSTA AND | § | |
| PARTNERS, LLC (AK); LUXURY | § | |
| LEASE COMPANY; AND HOUSTON | § | |
| CROSTA, | § | |
|   DEFENDANTS. | § | |

**MEMORANDUM OPINION AND ORDER**

Pursuant to 28 U.S.C. § 636 and the parties' consent to proceed before the undersigned United States magistrate judge, Doc. 14, *Plaintiff Boss Exotics, LLC's Motion for Partial Summary Judgment Against Crosta and Partners, LLC DBA Royalty Exotics*, Doc. 96, is before the Court for adjudication. For the reasons below, the motion is **GRANTED**.

**I. BACKGROUND**

Plaintiff Boss Exotics, LLC alleges that Houston Crosta sold Plaintiff a car (the "Vehicle") while making multiple fraudulent statements, including that the Vehicle was still under warranty and free of defects. Doc. 39, *passim*. Plaintiff sued Defendants Crosta and Partners, LLC d/b/a Royalty Exotics (for purposes of the motion *sub judice*, "Defendant"), CA and AK branches of Crosta and Partners LLC, Luxury Lease

1

Company, and Houston Crosta (collectively, "Defendants") for, *inter alia*, breach of the contract called "Bill of Sale," alleging Defendant was the seller of the Vehicle. Doc. 39 at 8-11. Specifically, Plaintiff alleges that Defendant "breached the Bill of Sale by failing to pay for all costs to repair the Vehicle and failing to pay for the loss of usage for each day the Vehicle was being repaired at a market rate." Doc. 39 at 8-9.

On October 1, 2024, Plaintiff filed its *Motion for Partial Summary Judgment Against Crosta and Partners, LLC DBA Royalty Exotics*. Doc. 96; Doc. 97. Plaintiff asks the Court to: (1) enter partial summary judgment against Defendant; (2) find that Defendant breached its contract with Plaintiff; (3) find that Plaintiff suffered $93,849.90 in vehicle repair costs alone; and (4) leave remaining damages to be determined at trial. Doc. 97 at 12. Defendant has not responded.

## II. APPLICABLE LAW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting a since-amended version of FED. R. CIV. P. 56(c)); FED. R. CIV. P. 56(a). A party moving for summary judgment has the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the summary judgment record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 322 (same); FED. R. CIV. P. 56(c).

If the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Id.* (cleaned up). Indeed, the party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). The Court "must view the evidence introduced and all factual inferences from the evidence in the light most favorable to the party opposing summary judgment, but a party opposing summary judgment may not rest on mere conclusory allegations or denials in its pleadings." *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 417 (5th Cir. 2016) (quoting *Hightower v. Tex. Hosp. Ass'n*, 65 F.3d 443, 447 (5th Cir. 1995)) (cleaned up). If, however, the nonmoving party fails to make a showing sufficient to establish the existence of an essential element of its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex Corp.*, 477 U.S. at 322-23.

### III. ANALYSIS

 A. *Plaintiff's Assertions of Fact Are Undisputed Because Defendant Failed to Respond.*

As noted, Defendant has not responded to Plaintiff's motion. Defendant's "failure to respond does not permit this Court to enter a 'default' summary judgment . . . ." *Boyd v. Fam. Dollar Stores of Tex., LLC*, No. 3:22-CV-1368-D, 2023 WL 4141052, at *1 (N.D.

Tex. June 22, 2023) (Fitzwater, J.) (citation omitted).  But "[a] summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)).  Moreover, the Federal Rules of Civil Procedure provide:

> [i]f a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion . . . [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it . . . .

FED. R. CIV. P. 56(e)(2)-(3).  Consequently, the Court considers Plaintiff's assertions of fact in the case *sub judice* undisputed.  Upon review, those factual assertions and the supporting evidence clearly establish that Plaintiff is entitled to summary judgment on its breach of contract claim against Defendant.

### B. *There Is No Genuine Issue of Material Fact that Defendant Breached Its Bill of Sale with Plaintiff.*

Under Texas law:

> [a] plaintiff asserting a breach-of-contract claim must prove (1) the existence of a valid contract; (2) the plaintiff performed or tendered performance as the contract required; (3) the defendant breached the contract by failing to perform or tender performance as the contract required; and (4) the plaintiff sustained damages as a result of the breach.

*USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018) (citation omitted).  Plaintiff has submitted sufficient evidence to establish each element.

First, Plaintiff attached the Bill of Sale, signed by Defendant via Crosta, as CEO and agent of Royalty Exotics, as well as an audit report demonstrating that

Plaintiff submitted its own signed version to Defendant. Doc. 97-1 at 5-6. Defendant admits that this Bill of Sale constitutes a contract. Doc. 39 at 3 (alleging that the parties entered into a valid contract); Doc. 44 at 1 (admitting this allegation). Thus, this Court "conclude[s] the Bill of Sale is a contract," and there is no genuine dispute of fact that Defendant sold Plaintiff the Vehicle through a valid contract. *See, e.g.*, *Am. Nat. Prop. & Cas. Co. v. Patty*, No. 05-00-1171-CV, 2001 WL 914990, at *3 (Tex. App.—Dallas Aug. 15, 2001, pet. denied) (Kinkeade, J.).

Second, Plaintiff performed its sole duty under the Bill of Sale when it wired the $135,000 purchase price of the Vehicle—stated clearly therein—to Defendant. Doc. 97-1 at 5 (listing "exact sales amount" as "$135,000"); Doc. 97-1 at 64 (documenting Plaintiff's wire transfer of $135,000 to Defendant). Hence, there is no genuine issue of material fact that Plaintiff performed its duty under the contract.

Third, Defendant breached the Bill of Sale. The Bill of Sale stated that Defendant sold a vehicle it believed had no "mechanical problems." Further, Defendant guaranteed that it would "pay for all costs of repairs and pay for loss of usage for each day the vehicle is being repaired at a market rate" (e.g., mechanical problems) for undisclosed issues with the Vehicle. Doc. 97-1 at 5. But Plaintiff has attached invoices showing Plaintiff had to pay the repair shop without any reimbursement from Defendant. Doc. 97-1 at 23-36. Further, Defendant concedes that there were substantial undisclosed mechanical issues with the

5

Vehicle.  Doc. 97-1 at 46; *see also* Doc. 97-1 at 50-52 (undisputed affidavit testimony establishing the same).  Hence, there is no genuine issue of material fact that Defendant breached the Bill of Sale.

Fourth, Plaintiff submitted sufficient evidence to show damages by including a mechanic bill to demonstrate that the costs it paid to repair extensive issues to the Vehicle amounted to $93,849.90.  Doc. 97-1 at 23-36.  Thus, there is no genuine issue of material fact that Defendant's breach caused Plaintiff to sustain $93,849.90 in repair damages.[1]

### IV. CONCLUSION

For the foregoing reasons, *Plaintiff Boss Exotics, LLC's Motion for Partial Summary Judgment Against Crosta and Partners, LLC DBA Royalty Exotics*, Doc. 96, is **GRANTED**.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] The issue of whether Plaintiff is entitled to additional damages is reserved for trial.