IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOSS EXOTICS, LLC, | § | |
|   PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:20-CV-1835-BK |
| | § | |
| CROSTA AND PARTNERS, LLC D/B/A | § | |
| ROYALTY EXOTICS, CROSTA AND | § | |
| PARTNERS, LLC (CA), CROSTA AND | § | |
| PARTNERS, LLC (AK), LUXURY | § | |
| LEASE COMPANY; AND HOUSTON | § | |
| CROSTA, | § | |
|   DEFENDANTS. | § | |

**MEMORANDUM OPINION AND ORDER**

Pursuant to 28 U.S.C. § 636 and the parties' consent to proceed before the undersigned United States magistrate judge, Doc. 14, *Plaintiff Boss Exotics, LLC's Motion for Partial Summary Judgment Against Crosta and Partners, LLC DBA Royalty Exotics*, Doc. 96, is again before the Court for determination. For the reasons below, the motion is **DENIED**.

**I. BACKGROUND**

**A. *Factual Background***

This action arises out of Plaintiff's purchase of a 2018 McLaren 720S (the "Vehicle") from Crosta and Partners, LLC d/b/a/ Royalty Exotics (for purposes of the motion *sub judice*, "Defendant"). Doc. 39 at 4.

The following facts are undisputed. In February 2020, Defendant posted the Vehicle for sale on eBay, an online auction website. Doc. 39 at 4. The eBay listing described the car as being sold "as is." Doc. 149 at 3; Doc. 147 at 17. Following initial negotiations, Plaintiff

1

submitted an offer to purchase the Vehicle for $135,000, which Defendant accepted.  Doc. 97 at 5; Doc. 147 at 8.  Plaintiff then sent Defendant a Vehicle Bill of Sale ("Bill of Sale"), which was executed and returned by Defendant's representative.  Doc. 97 at 3, Doc. 147 at 9.  The Bill of Sale stated, among other terms, that the Vehicle "runs and drives without any mechanical problems or indications of issues by the vehicle notification system on the dash."  Doc. 97 at 11; Doc. 97-1 at 5.  It further provided that, "[i]f the vehicle is received with any issues not disclosed then the seller agrees to pay for all costs of repairs and . . loss of usage for each day the vehicle is being repaired at market rate as seen on BossExotics.com within 10 days of notice."  Doc. 97 at 12, n.27; Doc. 97-1 at 5.

After paying the purchase price and shortly after receiving delivery, Plaintiff brought the Vehicle to a McLaren dealership for inspection.  Doc. 97 at 6.  The inspection revealed mechanical defects that had not been disclosed during the parties' prior negotiations.  Doc. 97 at 11.  As a result, Plaintiff filed this action to recover damages.

## B. *Procedural History*

In its amended complaint, Plaintiff asserts claims against the Defendant, its owner, and its alleged alter-egos for (1) breach of contract; (2) fraudulent inducement; (3) fraud by omission; and (4) violations of the Texas Deceptive Trade Practices ("DPTA") or, alternatively, negligent misrepresentation.  Doc. 39 at 8-12.

On October 1, 2024, Plaintiff filed a motion for partial summary judgment against Defendant on its breach of contract claim.[1]  Doc. 96; Doc. 97.  After Defendant failed to timely

---

[1] Although Defendant's owner, Houston Crosta, and his other business entities are all named as defendants in this case (*see* Doc. 39 at 1-2), Plaintiff's motion for partial summary judgment pertains only to Defendant Crosta and Partners, LLC d/b/a Royalty Exotics.

respond, the Court granted the motion based on Plaintiff's undisputed assertions of fact. Doc. 117. Subsequently, the Court held a bench trial to resolve the remaining issues in the case. Doc. 125; Doc. 127. Neither licensed counsel nor a corporate representative appeared on Defendant's behalf at the trial. *See* Hr'g Tr., Doc. 127 at 8:14-22.

Before entry of a final judgment, Defendant, through newly appointed counsel, moved to vacate the Court's order and for a new trial. Doc. 134. On June 18, 2025, the Court granted Defendant's request for relief and ordered it to file a response to Plaintiff's motion. Doc. 140. Defendant has since filed its response, and Plaintiff has filed its reply. Doc. 146; Doc. 149. Accordingly, the motion is once again ripe for review.

## II. APPLICABLE LAW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting a since-amended version of FED. R. CIV. P. 56(c)); FED. R. CIV. P. 56(a). A party moving for summary judgment has the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the summary judgment record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 322 (same); FED. R. CIV. P. 56(c).

If the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Where the record taken as a whole could

not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Id.* (cleaned up). Indeed, the party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). The Court "must view the evidence introduced and all factual inferences from the evidence in the light most favorable to the party opposing summary judgment, but a party opposing summary judgment may not rest on mere conclusory allegations or denials in its pleadings." *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 417 (5th Cir. 2016) (quoting *Hightower v. Tex. Hosp. Ass'n*, 65 F.3d 443, 447 (5th Cir. 1995)) (cleaned up). If, however, the nonmoving party fails to make a showing sufficient to establish the existence of an essential element of its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex Corp.*, 477 U.S. at 322-23.

### III. ANALYSIS

Plaintiff argues that it is entitled to summary judgment on its breach of contract claim because the uncontroverted evidence establishes that Defendant breached the terms of the Vehicle's Bill of Sale. Doc. 97 at 9.

Under Texas law, to prevail on a claim for breach of contract, a plaintiff must establish: (1) the existence of a valid contract; (2) that plaintiff performed or tendered performance under the contract; (3) the defendant breached the contract; and (4) that the plaintiff sustained damages as a result of the breach. *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018) (citation omitted). To prove the existence of a valid contract, a party must show: (1) an offer; (2) acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds

on the essential terms of the contract (mutual assent); (4) each party's consent to the terms; and (5) execution and delivery of the contract with the intent that it be mutual and binding. *Id.*

The parties do not dispute that Plaintiff's $135,000 bid constituted an offer to purchase the Vehicle. Doc. 97 at 7; Doc. 147 at 3. However, a legitimate factual dispute exists as to *when* the parties intended to form a contract and whether they mutually assented to the same terms. Plaintiff contends that the Vehicle Bill of Sale dated February 18, 2020, and signed by Defendant's representative, is the valid and enforceable contract governing the transaction. Doc. 97 at 7. Defendant, by contrast, asserts that the transaction was completed when it accepted Plaintiff's bid on eBay and received eBay's confirmation of the sale. Doc. 147 at 10. The parties present conflicting evidence on this issue.

In support of its position, Plaintiff first relies on Defendant's deemed admissions. Doc. 149 at 3 (citing Doc. 97-1 at 14-15). As Defendant correctly points out, however, none of the cited admissions conclusively establishes that the Bill of Sale is a valid and enforceable contract. Doc. 147 at 11. Although Plaintiff characterizes Request for Admission No. 1 as an admission of the Bill of Sale's validity, the request asked only whether the Defendant signed the bill of sale—a fact Defendant does not dispute. *Compare* Doc. 149 at 2, *with* Doc. 97-1 at 14. Defendant's remaining admissions, which concern the Vehicle's warranty status and mechanical problems, likewise do not resolve whether the Defendant intended the Bill of Sale to govern the agreement. Doc. 97-1 at 14-15.

Plaintiff also relies on Defendant's agent's execution of the Bill of Sale as proof that Defendant agreed to be bound by its terms. Doc. 97 at 10; Doc. 149 at 2-3. Generally, the parties' signatures on a written contract serve as evidence of mutual assent. *See Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007) ("Evidence of mutual assent in written contracts

generally consists of signatures of the parties and delivery with the intent to bind."). However, in determining whether mutual assent is present, courts may also consider the communications between the parties and the acts and circumstances surrounding the transaction. *Chubb Lloyds Ins. Co. of Texas v. bister & Cogdell Builders, LLC,* 668 S.W.3d 145, 151 (Tex. App.—Houston [1st Dist.] 2023, no pet.) (citation omitted). Here, although Defendant concedes that its agent signed the Bill of Sale, it presents additional evidence suggesting that it did not intend to be bound by the agreement's terms. Specifically, Defendant provides screenshots of text messages exchanged between the parties on February 18, 2020, the date of both the eBay transaction and the Bill of Sale's execution. *See* Doc. 148 at Ex. A-2, APPX_0014-0019. They read, in relevant part:

- **Defendant:** *"your bill of sale is no good for me. I just read it and I just want to do a regular bill of sale"*
- **Plaintiff:** *"What are you wanting changed[?]"*
- **Defendant:** *"car is sold as is." "you have a lot of verbiage in your bill of sale that I'm liable for costs of repairs etc."*
- **Plaintiff:** *"The car is under warranty so I'm not worried about that. As long as it is how its listed we are good."*
- **Defendant:** *"can I send you a Nevada bill of sale. This is a wholesale transaction." "I don't want to be responsible for anything that comes up in the future. Mclaren's are the worst cars in the world."*

. . .

- **Defendant:** *"can you send me a different bill of sale please and void the one I signed"*
- **Plaintiff:** *"Our insurance company makes us* [sic] *use that one to protect from fraud. Don't worry we aren't coming after you for anything if the car is as described . . ."*

The Court finds that this evidence is sufficient to raise a legitimate question as to whether Defendant, by signing the Bill of Sale, intended to be bound by its terms, and whether Plaintiff

6

was aware that Defendant held a different understanding of the agreement.

...

was aware that Defendant held a different understanding of the agreement. [2] *See, e.g., W.R. Larock, D.C., P.C. v. Enabnit,* 812 S.W.2d 670 (Tex. App.—El Paso 1991, no pet.) (holding that "no contract is formed by the signing of an instrument when the offeree is aware that the offeror does not intend to be bound by the wording of the instrument).

      The threshold issue, therefore, is whether the parties mutually assented to the eBay listing's "as is" terms as Defendant contends, or the Bill of Sale's more specific terms, as Plaintiff asserts. Because the parties present contradictory evidence as to when, and on what terms, they intended to be bound, the Court finds that a genuine issue of material fact exists as to when a contract was formed between the parties. *See, e.g., Stelluti Kerr, L.L.C. v. Mapei Corp.,* 2015 WL 13450984, at *4 (N.D. Tex. Sept. 24, 2015) (Boyle, J.) (concluding that a genuine issue of material fact existed as to contract formation where the parties presented contradictory evidence as to when they intended to be bound). Accordingly, Plaintiff is not entitled to summary judgment on its breach of contract claim, and the issue is reserved to trial.

## [NOTHING FURTHER THIS PAGE]

---

[2] Although Plaintiff also cites testimony in which Defendant's agent purportedly acknowledged accepting payment and delivery of the vehicle pursuant to the Bill of Sale, Plaintiff fails to include the cited portions of that testimony in the summary judgment record. *Compare* Doc. 149 at 2-3, *with* Doc. 97-1 at 38-47. Accordingly, this evidence cannot establish, as matter of law, that Defendant understood the Bill of Sale to represent the parties' final agreement.

## IV. CONCLUSION

For the foregoing reasons, *Plaintiff Boss Exotics, LLC's Motion for Partial Summary Judgment Against Crosta and Partners, LLC DBA Royalty Exotics*, Doc. 96, is **DENIED**.

**SO ORDERED** on December 17, 2025.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE